# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:08cv587

| | | |
|---|---|---|
| **MONICA RANKIN,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| **ADVANCED EMPLOYMENT** | ) | |
| **SERVICE, INC., NISH PATEL** | ) | |
| **NIRMAL, INC., d/b/a GLOBAL** | ) | |
| **CONSTRUCTION, INC.** | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**THIS MATTER** is before the Court on the Motion of Defendant Advanced Employment Services, Inc. for Dismissal and Sanctions [Doc. 9], filed February 2, 2009. The motion to dismiss has been referred to Magistrate Judge David Keesler for a recommendation as to disposition. However, the undersigned addresses that portion of the motion which purports to move for sanctions pursuant to Federal Rule of Civil Procedure 11.

There are several problems with the motion for sanctions. First, Rule 11(c) requires that a "motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b)." Fed.R.Civ.P. 11(c). Here, the request for sanctions is made in combination with the motion to dismiss.

Second, Rule 11(c) provides that although a motion for sanctions may be served on the opposing party, "it must not be filed or presented to the court if the challenged paper, claim, defense, contention or denial is withdrawn or appropriately corrected with 21 days after service[.]" Fed.R.Civ.P. 11(c). The certificate of service attached to the motion shows that service was made on the Plaintiff on February 2, 2009. [Doc. 9, at 4]. Thus, it does not appear from the record that the Defendant has complied with the "safe harbor" provision of Rule 11. For these reasons the Defendant's Rule 11 Motion will be stricken.

Finally, the Court is compelled to note that the Plaintiff is proceeding *pro se* and appears to have used a form complaint on which she checked a statutory cause of action which may not be her sole source of relief. Thus, any motion for sanctions is premature in any event.

**IT IS, THEREFORE, ORDERED** that the portion of the the Motion of Defendant Advanced Employment Services, Inc. for Dismissal and Sanctions [Doc. 9] which seeks sanctions pursuant to Federal Rule of Civil Procedure 11 is hereby **STRICKEN**.

Martin Reidinger
United States District Judge

Signed: February 6, 2009