# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

## CIVIL CASE NO. 3:08cv587

| | |
|---|---|
| MONICA RANKIN, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> ADVANCED EMPLOYMENT SERVICE ) </br> and NISH PATEL NIRMAL, INC., ) </br> ) </br> Defendants. ) </br> _____ ) | **O R D E R** |

**THIS MATTER** is before the Court on a letter filed with the Clerk of Court by the Plaintiff Monica Rankin [Doc. 12, filed February 22, 2009] and a letter written to the undersigned by the Plaintiff Monica Rankin which was received on February 18, 2009.

By Order entered January 8, 2009, the Plaintiff was allowed to proceed with this litigation without the prepayment of filing fees. [Doc. 3]. Thereafter, the Plaintiff moved for court-appointed counsel to represent her in connection with this action which appears to have been brought pursuant to Title VII. [Doc. 6]. That motion was denied by the Magistrate

Judge on January 29, 2009 without prejudice to renewal on other and more specific grounds. [Doc. 7]. The most recent filing by the Plaintiff appears to be an attempt to renew that motion. [Doc. 12].

As a result, the Court construes Document 12 as a renewed motion for court-appointed counsel. As to the letter written by the Plaintiff to the undersigned in Chambers, the Court will instruct the Clerk of Court to file the second letter as another motion for court-appointed counsel. The Plaintiff, however, is cautioned that she may not communicate directly with the Court. The Court finds that the Defendants should be provided an opportunity to respond to these renewed motions.

28 U.S.C. §1915(e)(1) provides that the Court may request an attorney to represent a party unable to afford counsel in a civil matter. The Court's authority to do so is discretionary; however, it is an abuse of discretion to decline to appoint counsel where the indigent plaintiff presents exceptional circumstances. Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds,* Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 109, S.Ct. 1814, 104 L.Ed.2d 318 (1989). One such exceptional circumstance arises when it is obvious that a *pro se* litigant has a colorable claim but lacks the capacity to present it. Berry v. Gutierrez, 587 F.Supp.2d 717, 723 (E.D.Va. 2008). Another such

circumstance is the type and complexity of the case. Id.

The Court will provide an opportunity to the Defendants to respond to the Plaintiff's motions.

**IT IS, THEREFORE, ORDERED** that the Clerk of Court shall file the letter dated February 16, 2009 and received in Chambers on February 18, 2009 as a motion for court-appointed counsel.

**IT IS FURTHER ORDERED** that on or before fifteen (15) days from entry of this Order, the Defendants may respond to the Plaintiff's motion for court-appointed counsel.

**IT IS FURTHER ORDERED** that the Plaintiff shall not make any communication directly with the Court but may appear in this action only by written documents filed in the public record, by serving a copy of such filings on the Defendants and by including a certificate of such service on the filed pleading.

Signed: February 18, 2009

Martin Reidinger
United States District Judge